COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-438-CR
 
  
JOHN 
M. THOMPSON                                                            APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
  
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant John M. Thompson of driving sixty-one miles per hour in 
a forty-five mile per hour zone. He appeals, arguing that the verdict is 
contrary to the law and the evidence because there was no evidence that the 
speed survey complied with the manual of uniform traffic control devices adopted 
by the federal highway administration; that his speed was reasonable and 
prudent; and that the trial court erred in charging the jury and by taking 
judicial notice of an ordinance that violates federal standards for traffic 
control devices. Because the evidence is legally and factually sufficient and 
because the trial court did not err, we affirm the trial court’s judgment.
        In 
his first point, and perhaps his second, Appellant argues that the evidence is 
insufficient, relying on federal regulations and California case law. We do not 
recognize California traffic law as controlling authority in Texas and decline 
to discuss it here. Appellant was on a Texas farm to market (FM) road; we shall 
apply the appropriate laws of the State of Texas.
        Appellant 
argues that the State was required to produce an engineering and traffic survey 
in court. The State is required only to offer evidence that the defendant was 
driving “at a speed greater than is reasonable and prudent under the 
circumstances then existing.”[2]  Texas 
Transportation Code section 545.352 provides that “[a] speed in excess of the 
limits established by Subsection (b) or under another provision of this 
subchapter is prima facie evidence that the speed is not reasonable and prudent 
and that the speed is unlawful.”[3]  Section 
545.353 allows the Texas Transportation Commission to set lower prima facie 
speed limits than those listed in section 545.352.[4]  
The Texas Transportation Commission uses results of an engineering and traffic 
investigation to determine appropriate speed limits.[5]  
The survey is not a necessary element of proof at a trial for speeding.
        Officer 
Daniel Bettes testified that his radar unit determined Appellant’s speed to be 
sixty-one miles per hour. He also testified that he was trained and certified in 
the use of radar and that he verified his radar unit for accuracy before and 
after ticketing Appellant. Additionally, he testified that the posted speed 
limit in the 1600 block of FM 1709, where Appellant was operating his vehicle, 
was forty-five miles per hour.
        The 
public works director of the City of Keller, Ed Ilshner, testified that the 
speed limit in the 1600 block of FM 1709 in Keller, Texas is posted by the Texas 
Department of Transportation at forty-five miles per hour. Ilshner further 
testified that a speed survey was conducted on FM 1709 before the speed limit 
was set at forty-five miles per hour.
        Defense 
witness Linda Young testified that she was driving on the same stretch of road 
at the time Appellant was ticketed. She testified that she was driving faster 
than Appellant, and that a van was traveling faster than she. She was not 
ticketed, and there was no evidence that the driver of the van was ticketed. 
Appellant argues in his second point that this testimony proves that his speed 
was reasonable and prudent.
        It 
is unclear whether Appellant is arguing that the evidence is legally or 
factually insufficient to support the verdict. Applying the appropriate 
standards of review for legal sufficiency[6] and 
factual sufficiency,[7] we hold that the evidence is 
both legally and factually sufficient to support the jury’s verdict. We 
overrule Appellant’s first point, and, to the extent the second point raises 
insufficiency, we overrule it as well.
        Appellant 
provides no authority in support of his second and third points on appeal. He 
has therefore waived those complaints.[8]  We 
overrule the remaining part of the second point and the third point.
        Having 
overruled Appellant’s points, we affirm the trial court’s judgment.
   
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
  
PANEL B:   DAUPHINOT, 
WALKER, and MCCOY, JJ.
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 18, 2004

NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Tex. Transp. Code Ann. § 545.351 (Vernon 1999).
3.  
Id. § 545.352(a) (Vernon Supp. 2004).
4.  
Id. § 545.353.
5.  
Id. § 545.353(a).
6.  
See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden 
v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); Dewberry v. State, 
4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 
(2000).
7.  
See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); Johnson 
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Cain v. State, 958 
S.W.2d 404, 407 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 
129, 134 (Tex. Crim. App. 1996).
8.  
See Tex. R. App. P. 38.1(h); Tong v. State, 25 
S.W.3d 707, 710 (Tex. Crim. App. 2000), cert. denied, 532 U.S. 1053 
(2001); Mosley v. State, 983 S.W.2d 249, 256 (Tex. Crim. App. 1998) (op. 
on reh’g), cert. denied, 526 U.S. 1070 (1999).